UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA TAYLOR | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. |
| PENN CREDIT CORPORATION, INC. | ) ) ) |
| Defendant, | ) ) |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

ALICIA TAYLOR, ("Plaintiff"), through the undersigned counsel, Daniel J. Tann alleges the following against PENN CREDIT CORPORATION, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Alicia Taylor an individual consumer, against defendant Penn Credit Corporation, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Alicia Taylor is a natural person residing in Smethport, McKean Co., Pennsylvania.

4. Defendant, Penn Credit Corporation, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 916 South 14th St., Harrisburg, PA 17104. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in 2010.

7. Defendant constantly and continuously placed excessive collection calls to Plaintiff, including after Plaintiff had hung up the phone on Defendant, told Defendant to stop calling, and after having already left messages on Plaintiff's voicemail, as well as including calls both before 8 o'clock antemeridian and after 9 o'clock postmeridian, which are inconvenient times; seeking and demanding payment for an alleged consumer debt owed under an account number.

8. Upon information and belief, Defendant called Plaintiff before 8 o'clock antemeridian on July 26, 2010 at around 7:15 antemeridian, and also on July 27, 2010 at around 7:35 antemeridian.

2

9. Upon information and belief, Defendant called Plaintiff after 9 o'clock postmeridian on July 26, 2010, at around 9:45 postmeridian.

10. During collection calls, Defendant has not disclosed its name to Plaintiff, even though Plaintiff asked for it every time that one of Defendant's agents called to talk to her.

11. Defendant has outright refused to provide its name to Plaintiff, stating, "I can't disclose that information," which is a false or misleading statement; as Defendant could have disclosed its name, but chose not to as a collection tactic.

12. During collections calls, while Defendant has refused to provide Plaintiff with its name as well as the origination of the alleged debt, it has regardless still told Plaintiff how much she should be paying Defendant.

13. During collection calls, Defendant has threatened to garnish Plaintiff's wages, stating, "If you don't make a payment we will garnish your wages," when Plaintiff is a stay-at-home mother who takes care of her three young children.

14. During collection calls, Defendant has lied to Plaintiff, through false and misleading statements, threatening that it would sue Plaintiff, when it does not have the legal standing to sue Plaintiff, stating, "We're going to take you to court[,]" and, "If you don't pay the $1300.00 up front, the whole amount, then we'll keep adding money on your debt and we'll take you to court."

15. During collection calls, Defendant spoke to Plaintiff in an offensive and verbally abusive manner by utilizing offensive and verbally abusive statements, stating, "If you were a good person you wouldn't owe this debt or leave it for your children when you're gone."

3

16. During collection calls, Defendant lied to, or at the very least misled Plaintiff through false, misleading, and offensive statements, stating, "Your credit will be shit and you'll never be able to get a loan."

17. During collection calls, Defendant lied to, or at the very least misled Plaintiff though threatening, false, and misleading statements, strongly implying that Plaintiff had committed a criminal act, stating, "[W]e can have you arrested."

18. During collection calls, Defendant lied to, or at the very least misled Plaintiff though false and misleading statements, stating, "We will repossess your fiancées truck and take the value of the debt out of the house," when Plaintiff's fiancée has no relation to the alleged debt.

19. Upon information and belief, over a short span of time, Defendant's agent named 'Tim' called Plaintiff and lied to, or at the very least made misleading representations in connection with attempts to collect on Plaintiff's alleged debt, by continually quoting differing amounts for the same debt that Plaintiff allegedly owes - of $1,300.00, $2,000.00, and $3,000.00 - in at attempt to get a larger payment amount out of Plaintiff.

20. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by lying to Plaintiff.

21. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

22. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

4

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt both before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the consumer's location, which are unusual times or places or times or places known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(f) Defendant violated §1692e(4) of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action; and

(g) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and

(h) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff; and

(i) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without the meaningful disclosure of the caller's identity.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

5

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Alicia Taylor for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff ACLIA TAYLOR respectfully requests that judgment be entered against Defendant PENN CREDIT CORPORATION, INC., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff ALICIA TAYLOR demands trial by jury in this action.

This 1st day of July, 2010.

/s/ Daniel J. Tann
Daniel J. Tann
Law Offices of Daniel J. Tann
100 South Broad Street, Suite 1355
Philadelphia, PA 19110
(215) 670-0066
djtannesq@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com

6